# Exhibit A

Fulton County Superior Court
***EFILED***WW
Date: 3/14/2017 5:27:17 PM
Cathelene Robinson, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

_Monique Roscoe, on behalf_
_Of all others similarly situated_

) Case
) No.: _2017CV287340_

**Plaintiff,**

vs.

_Ciox Healthcare f/k/a Healthport_
_Technologies, LLC_
_C/o Registered agent Corporation_
_Service Company_
_40 Technology Parkway South_
_Ste 300_
_Norcross, GA 30042_

**Defendant**

)
)
)
)
)
)
)
)
)
):

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

_Matthew Harman_
_Harman Law LLC_
_3414 Peachtree Rd. NE, Suite 1250_
_Atlanta, GA 30326_

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____
_3/15/2017_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 _____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***TV
Date: 3/14/2017 10:32:57 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MONIQUE ROSCOE,** | * | |
| **on behalf of all others similarly situated,** | * | |
| | * | 2017CV287340 |
| **Plaintiff,** | * | **CASE NO.** _____ |
| | * | |
| **v.** | * | **CLASS ACTION** |
| | * | |
| **CIOX HEALTH, LLC f/k/a** | * | |
| **HEALTHPORT TECHNOLOGIES,** | * | |
| **LLC,** | * | |
| | * | |
| **Defendant.** | * | |

### COMPLAINT

COMES NOW BEFORE THIS HONORABLE COURT, Plaintiff Monique Roscoe ("Roscoe" or "Plaintiff"), on behalf of all other similarly-situated class members, for her Complaint against the above named Defendant: CIOX Health, LLC f/k/a HealthPort Technologies, LLC, ("HealthPort" or "Defendant") and alleges as follows:

### STATEMENT OF THE PARTIES

1.    Plaintiff is an adult over eighteen (18) years of age and resident of McDonough, Georgia.

2.    At all times hereinafter, Harman Law, LLC, which has its principal place of business in Fulton County, Georgia, and is headquartered at 3414 Peachtree Road Northeast, Suite 1250, Atlanta, Georgia 30326, acted as Plaintiff's agent with express and/or apparent authority to affect the legal relations of Plaintiff with Defendant and with the Plaintiff's consent to obtain Electronic Medical Records/Electronic Health Records from Defendant on Plaintiff's behalf.

3.    Harman Law, LLC acted within the scope of its authority at all times hereinafter

1

on behalf of Plaintiff.

4.      Defendant CIOX Health, LLC, f/k/a HealthPort Technologies, LLC, ("Defendant" or "CIOX") is a limited liability corporation organized and existing under the laws of Georgia and which has its principal place of business in the State of Georgia. CIOX is engaged in the business of the release, retrieval, and management of health information. CIOX is headquartered at 925 North Point Parkway, Suite 350, Alpharetta, Georgia 30005, and has a registered agent, Corporation Service Company, upon whom service may be rendered located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

5.      On or about March 1, 2016, Defendant changed its name from "HealthPort Technologies, LLC" to "CIOX Health, LLC."

## JURISDICTION AND VENUE

6.      Jurisdiction is proper pursuant to O.C.G.A. § 15-6-8(1) and GA. CONST. art. VI, § 4, ¶ I.

7.      Venue is proper in Fulton County, pursuant to O.C.G.A. § 14-2-510, in that Defendant is headquartered in and a substantial part of the acts giving rise to the claims between Plaintiff and Defendant occurred in Fulton County.

## FACTUAL BACKGROUND AND SUMMARY OF ALLEGATIONS

8.      Plaintiff was injured in a car wreck on or about April 14, 2016.

9.      On or about the same day Plaintiff was treated at Piedmont Henry Hospital in Stockbridge, Georgia.

10.     Plaintiff obtained Harman Law, LLC ("Harman Law") as her agent and counsel to provide legal representation against the tortfeasor.

2

11.     During its representation of Plaintiff and within the scope of its authority, Harman Law entered into a contract with Defendant to obtain Plaintiff's medical and health records in an electronic format—called Electronic Medical Records ("EMR")/Electronic Health Records ("EHR").

12.     In consideration of the contract, Plaintiff agreed to pay upfront the Defendant's costs in furnishing Plaintiff's EMR/EHR.

13.     Harman Law, acting as Plaintiff's agent and within the scope of its authority, paid the $67.77 Defendant required for the Plaintiff's EMR/EHR.

14.     Defendant furnished Plaintiff's medical and health records to Harman Law in EMR/EHR format through an online portal.

15.     On May 24, 2016, Defendant submitted an itemized invoice providing that Defendant charged Plaintiff a "Basic Fee" and "Per Page Copy" fees for Plaintiff's EMR/EHR:

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 25.88 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 2 | 20 | 0.97 | 19.40 |
| Per Page Copy (Paper) 1 | 13 | 0.83 | 10.79 |
| Electronic Dlvry Fee | | | 2.00 |
| Certification Fee | | | 9.70 |
| Subtotal | | | 67.77 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 67.77 |
| Less Payment | | | -67.77 |
| Balance Due | | | 0.00 |

16.     This invoice was the first time that Plaintiff, by and through her agent Harman Law, realized that the EMR/EHR produced was being charged as though they were paper copies instead of electronic records.

17.     The Health Records Act limits the costs that providers, such as Defendant, can charge patients and their agents to furnish medical and health records, including EMR/EHR. O.C.G.A. § 31–33–3(a).

3

18.    The Health Records Act allows providers, such as Defendant, to charge a fee "up to $20.00 . . . for search, retrieval, and other direct administrative costs" related to furnishing medical records. O.C.G.A. § 31–33–3(a).  The Department of Community Health, pursuant to O.C.G.A. § 31–33–3(a), has increased the fee to $25.88.[1]

19.    The Health Records Act allows providers to charge costs in addition to the $25.88 a search, retrieval, and administrative costs fee, but the amount of the additional costs depends upon whether the medical and health records are "not in paper form" or "in paper form." O.C.G.A. § 31–33–3(a).

20.    For medical and health records that are in not paper form—such as EMR/EHR— the Health Records Act provides that providers, such as Defendant, can only "recover the full reasonable cost of such production" of the medical and health records.  O.C.G.A. § 31–33–3(a).

21.    Plaintiff's medical and health records were EMR/EHR and not in paper.

22.    Rather than charging Plaintiff for the reasonable costs of production of Plaintiff's EMR/EHR—as required by the Health Records Act—Defendant knowingly, intentionally, negligently, and/or wantonly recovered a per page fee as though the documents were in paper format.

23.    Defendant violated the Health Records Act in charging Plaintiff a fee that was more than the reasonable costs to produce Plaintiff's EMR/EHR.

24.    Additionally, Defendant is a "business associate" of a covered entity (Piedmont Henry Hospital) that is subject to the Health Insurance Portability and Accountability Act ("HIPAA") in that Defendant "provides data transmission services with respect to protected health information to" HIPAA-covered entities, acquires access to protected health information

---

[1] *Medical Records Retrieval Rates*, GA. DEP'T OF CMTY. HEALTH, https://dch.georgia.gov/medical-records-retrieval-rates (last visited Jan. 6, 2017).

on a routine basis, and/or offers personal health records on behalf of HIPAA-covered entities. 45 C.F.R. § 160.103(3)(i)–(ii).

25.    HIPAA's "Privacy Rule" grants Plaintiff access to protected health information ("PHI), both in paper and in EMR/EHR form. 45 C.F.R. § 164.524.

26.    HIPAA defines PHI as "individually identifiable health information . . . that is: (i) Transmitted by electronic media; (ii) Maintained in electronic media; or (iii) Transmitted or maintained in any other form or medium." 45 C.F.R. § 160.103(1).

27.    As a business associate of a covered entity, Defendant is subject to the Privacy Rule. 45 C.F.R. § 164.500(c).

28.    Under the Privacy Rule, business associates of covered entities are only allowed to "impose a reasonable, cost-based fee" for providing PHI.    45 C.F.R.  §  164.524(c)(4). According to the Department of Health and Human Services,[2] thes e reasonable, cost-based fee for PHI can be calculated in one of three ways:

   A.    Actual Costs—Actual costs are the reasonable labor costs for copying the PHI at an hourly rate but do not include the cost of reviewing the HIPAA requests, retrieving, compiling, or collecting the PHI.    Additionally, actual costs include the cost of supplies and postage, if any.

   B.    Average Costs—Average costs allow business associates to create a schedule of per page fees, plus supply and postage costs.    However, average costs are allowed when the PHI is in paper form but **are not allowed** "for paper or electronic copies of PHI maintained electronically."   The Office for Civil Rights "does not consider per page fees for copies of PHI maintained

[2] *Individuals' Right under HIPAA to Access their Health Information 45 CFR § 164.524*, U.S. DEP'T OF HEALTH & HUMAN SERVS., http://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html#newlyreleasedfaqs (last accessed: Jan. 6, 2017) [hereinafter *Individuals' Right under HIPAA*].

electronically [including EMR/EHR] to be reasonable for purposes of" the Privacy Rule.

C.    Flat Fee—Flat fees are allowed for copies of PHI maintained electronically, but the charge cannot exceed $6.50. If a business associate wants to charge more than a $6.50 flat fee for producing PHI, it must use calculate costs according to actual or average costs.

29.    Plaintiff's medical and health records were PHI maintained electronically rather than in paper form.

30.    Since Plaintiff's EMR/EHR were PHI maintained electronically, Defendant should have charged Plaintiff its actual costs to produce the PHI or a flat fee of $6.50 in order for the fee to be a reasonable, cost-based fee under the Privacy Rule.

31.    Defendant charged Plaintiff per page fees for Plaintiff's PHI using an average costs calculation despite the Privacy Rule's requirements that Defendant charge Plaintiff according to its actual costs in producing the EMR/EHR or a flat fee of $6.50.

32.    Further, Defendant charged Plaintiff using the average costs calculation despite the fact that per page fees for PHI electronically maintained are unreasonable under the Privacy Rule.

33.    Defendant violated HIPAA's Privacy Rule in that Defendant failed to impose a reasonable, cost-based fee for providing Plaintiff's PHI in EMR/EHR format.

34.    Moreover, the Health Information Technology for Economic and Clinical Health Act ("HITECH Act") amended HIPAA's Privacy Rule by placing further limitations on business associates of covered entities when providing PHI in electronic form—including EMR/EHR.

6

The HITECH Act provides the fees for producing PHI in electronic form "shall not be greater than the entity's labor costs in responding to the request for the copy." 42 U.S.C. § 17935.

35.     Defendant's labor costs in producing Plaintiff's PHI in EMR/EHR format were substantially less than the per paper copy fees it charged Plaintiff.

36.     Defendant violated the HITECH Act in that Defendant charged Plaintiff a fee greater than its labor costs when Defendant charged per page fees and a basic fee of $25.88 for Plaintiff's EMR/EHR.

37.     As a direct and proximate cause of Defendant's fraudulent, negligent, and/or wanton actions, Plaintiff has suffered economic harm by overpaying for Plaintiff's EMR/EHR.

38.     Defendant has engaged in a pattern and practice of overcharging consumers for their EMR/EHR falsely as though the medical records were in paper format.

39.     Defendant has engaged in a pattern and practice of this fraudulent and/or negligent behavior, which is continuing, occurring statewide and has harmed an unknown number of policyholders who also suffer from mental health and substance abuse disorders.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this class action pursuant to O.C.G.A. § 9-11-23.

41.     Plaintiff asserts her claims of breach of contract, unjust enrichment, Georgia Deceptive Trade Practices Act violations, Georgia Fair Business Practices Act violations, negligence and/or wantonness, negligence and/or wantonness *per se*, fraud, fraudulent concealment, and negligent misrepresentation on behalf of a proposed statewide class ("Class"), defined as follows:

> Any and all persons who requested EMR/EHR, either themselves or through an agent acting on their behalf, from CIOX Health, LLC or its predecessors (such as HealthPort Technologies, LLC) and who were

7

charged per page fees for such records six year prior to the filing of this action.

42.    Plaintiff is a member of the class she seeks to represent.

43.    <u>Numerosity</u>: Pursuant to O.C.G.A. § 9-11-23(a)(1), the Class is so numerous that joinder of all Class members is impracticable.  While the exact numbers of Class members is unknown to the Plaintiff at this time, based on information and belief, hundreds or thousands of individuals satisfy the Class definition.

44.    <u>Commonality</u>:  Pursuant to O.C.G.A. § 9-11-23(a)(2), there are questions of law and fact that are common to the Class, which predominate over questions affecting individual Class members.  These common questions of law and fact include, but are not limited to:

A.    Whether Defendant engaged of the conduct contained herein.

B.    Whether Defendant's conduct described herein constitutes breach of contract.

C.    Whether Defendant was unjustly enriched by receiving per page fees for electronic records.

D.    Whether Defendant's aforementioned conduct constitutes an unfair or deceptive trade practice in violation of the Georgia Deceptive Trade Practices Act. O.C.G.A. §§ 10-1-370, *et seq.*

E.    Whether Defendant's aforementioned conduct constitutes an unfair or deceptive trade practice in violation of the Georgia Fair Business Practices Act. O.C.G.A. §§ 10-1-390, *et seq.*

F.    Whether Defendant violated the Health Records Act, O.C.G.A. § 31-33-3(a), by charging a per page fee for EMR/EHR.

G.    Whether Defendant charged an unreasonable fee for EMR/EHR under the HIPAA's "Privacy Rule." 45 C.F.R. § 164.524(c)(4).

H.  Whether Defendant charged a fee greater than its labor costs for EMR/EHR in violation of the HITECH Act. 42 U.S.C. § 17935.

I.  Whether Defendant concealed the fact it charged per page fees for electronic records.

J.  Whether Defendant misrepresented it was charging per page fees for EMR/EHR as though they were records in paper form.

K.  The appropriate measure of monetary, injunctive, and other relief.

45.  Typicality: Pursuant to O.C.G.A. § 9-11-23(a)(3), Plaintiff's claims are typical among the members of the class because, like that of each Class member: (1) it was typical for Class members to request records from Defendant; (2) it was typical for Defendant to charge per page fees for EMR/EHR as though the records were in paper form; (3) it was typical for Defendant to charge fees for electronic medical records that were greater than its actual costs and labor costs; (4) it was typical for Defendant to conceal its actual costs and labor costs in producing EMR/EHR; and (5) it was typical for Defendant to misrepresent in invoices the EMR/EHR was in paper form.

46.  Adequacy of representation: Pursuant to O.C.G.A. § 9-11-23(a)(4), Plaintiff will fairly and adequately protect the Class member's interest. Further, Plaintiff has counsel who are competent and experienced in litigation in this State and in class action ligation.

47.  Superiority: A class action is superior to other methods of fairly and efficiently adjudicating the controversy since joinder of all Class members is impracticable. Further, a class action is superior to other methods as each Class member's claims are not of such a magnitude to be economically feasible to pursue on an individual basis and the amount of these claims is small compared to the litigating expense and burden. Requiring hundreds and thousands of Class

9

members to file on an individual basis would lead to inconsistent judgments and burden the court. Concentrating the litigation of all Class members' claims into a single action is in the interest of judicial efficiency and justice.

## COUNT I

### BREACH OF CONTRACT

48.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

49.     Defendant is a limited liability company engaged in the business of furnishing medical and health records, including EMR/EHR.

50.     Plaintiff and Defendant entered into a valid contract in which the Defendant was responsible for furnishing EMR/EHR in return for Plaintiff's payment.

51.     Plaintiff has performed under the contract in that she made timely payment for the EMR/EHR.

52.     Defendant breached the contract in overcharging Plaintiff for EMR/EHR by charging Plaintiff as though the records were in paper form.

53.     Plaintiff and class members have been injured and damaged by the aforesaid breach of contract in the following way: Suffered monetary and economic harm in the form of excessive charges for EMR/EHR.

## COUNT II

### BREACH OF CONTRACT BY
### BREACHING THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

54.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

55.    Defendant is a limited liability company engaged in the business of furnishing medical and health records, including EMR/EHR.

56.    Plaintiff and Defendant entered into a valid contract in which the Defendant was responsible for furnishing EMR/EHR in return for Plaintiff's payment.

57.    Plaintiff has performed under the contract in that she made timely payment for the EMR/EHR.

58.    The implied covenant of good faith and fair dealing imposes a duty upon Defendant to comply diligently, and in good faith, with the contract.

59.    Defendant breach the implied covenant of good faith and fair dealing in charging Plaintiff per paper pages fees for electronic copies of medical records.

60.    Plaintiff and class members have been injured and damaged by the aforesaid breach of contract by breaching the implied covenant of good faith and fair dealing in the ways identified in paragraph 53.

## COUNT III

### UNJUST ENRICHMENT

61.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

62.    In the alternative to Count I, Plaintiff pleads that Defendant was unjustly enriched as a result of its conduct alleged in this complaint.

63.    Defendant were conferred a benefit by Plaintiff in that Defendant received payment for EMR/EHR from the Plaintiff.

64.    Defendant equitably ought to compensate or to return the benefit Plaintiff conferred.

11

65.    Retention of the benefit would be unjust, among other things, because Defendant charged Plaintiff and class members for electronic records as though the records were in paper form; Defendant's actual costs in producing EMR/EHR were far less than what it charged Plaintiff; and Defendant's conduct violated the Health Records Act, HIPAA's Privacy Rule, and the HITECH Act.

## COUNT IV

### GEORGIA DECEPTIVE TRADE PRACTICES ACT VIOLATION
### O.C.G.A. § 10-1-370 *ET SEQ.*

66.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

67.    The Georgia Deceptive Trade Practices Act ("DTPA") prohibits a variety of practices identified in O.C.G.A. § 10-1-372.

68.    Defendant fits within the definition of persons subject to the DTPA identified in O.C.G.A. § 10-1-371(5).

69.    Under Section 10-1-372(a)(5), (7) of the DTPA, a deceptive trade practice occurs when a person, in the course of business, engages in conduct that:

    a.    "Represent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have," O.G.G.A. § 10-1-372(a)(5); and

    b.    "Represent[ing] that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another," O.G.G.A. § 10-1-372(a)(7).

70.     Additionally, under Section 10-1-372(a)(12) of the DTPA, a deceptive trade practice occurs when a person, in the course of business, engages in conduct that "creates a likelihood of confusion or of misunderstanding."

71.     By systematically providing EMR/EHR but billing as though they were printed paper copies, Defendant have engaged in unfair and deceptive practices prohibited by the Georgia DTPA.

72.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff, about the true nature of the format and records she received from Defendant.

73.     Defendant knowing misrepresented material facts regarding the documents they produced to Plaintiff, namely that they were EMR/EHR and not paper documents that required scanning into electronic format.

74.     Defendant knew or should have known its conduct violated the Georgia DTPA.

75.     Plaintiff and the class suffered ascertainable loss caused by Defendant's misrepresentations and its failure to disclose material information. Plaintiff and class members have paid more for their EMR/EHR than they should have. Plaintiff and class members did not receive the benefit of the bargain as a result of Defendant's misconduct.

76.     Defendant's violations present a continuing risk to the public and it is in the public interest to address the harm caused through the overcharge and misrepresentation made by Defendant. All wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.

77.     As a direct and proximate result of Defendant's violations of the Georgia DTPA, Plaintiff and class members have suffered injury-in-fact and actual damages.

13

78.    Defendant violated the DTPA when Defendant's fees and charges for Plaintiff's PHI were based on paper copies, despite the PHI being maintained in electronic format. This misrepresentation of the Plaintiff's PHI being converted from paper format constitutes a violation of Sections 10-1-372(a)(5) and (7). Furthermore, this misrepresentation created a likelihood of confusion and misunderstanding as to the Defendant's actual labor costs in producing Plaintiff's EMR/EHR in violation of Section 10-1-372(a)(12).

79.    Defendant willfully and knowingly engaged in the deceptive trade practice.

80.    Defendant's violation of the DTPA has injured Plaintiff and class members and Plaintiff demands injunctive relief, costs, attorney's fees, damages, all relief available under O.C.G.A. § 10-1-373, and all such further relief as this Court deems necessary in the pursuit of justice.

## COUNT V

### NEGLIGENCE AND/OR WANTONNESS

81.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

82.    Defendant owed Plaintiff a legal duty of due care to disclose material facts relating to the costs and charges of furnishing Plaintiff's EMR/EHR.

83.    Defendant breached its duty to in charging Plaintiff a per paper page fee to furnish Plaintiff's EMR/EHR rather than charging reasonable costs.

84.    Defendant owed Plaintiff a duty to conform to the standard of conduct that the Health Record Act establishes: A provider of medical records not in paper form must charge the full reasonable costs for the records rather than a per page fee. O.C.G.A. § 31-33-3(a).

14

85.    Defendant breached its duty to conform to the standard the Health Record Act establishes in that Defendant charged Plaintiff a per paper page fee as though the records were in paper form when furnishing Plaintiff's EMR/EHR (medical records that are in electronic form, not in paper form) rather than charging reasonable costs.

86.    Further, Defendant owed Plaintiff a duty to conform to the standard of conduct that the HIPAA Privacy Rule establishes:  A business associate of a covered entity may impose only "a reasonable, cost-based fee."   45 C.F.R.  §  164.524(c)(4).   When providing PHI maintained electronically, a reasonable, cost-based is either its actual costs (labor costs) or a flat fee of $6.50 but not average costs, such as per paper page fees.

87.    Defendant breached its duty to conform to the standard the HIPAA Privacy Rule establishes in that Defendant failed to charge a reasonable, cost-based fee for Plaintiff's PHI maintained electronically in EMR/EHR form.  Defendant negligently charged Plaintiff according to an average costs calculation using per paper page fees when Defendant should have charged Plaintiff its labor costs or a flat fee of $6.50.

88.    Moreover, Defendant owed Plaintiff a duty to conform to the standard of conduct that the HITECH Act establishes: The fee PHI-provider imposes for furnishing PHI "in an electronic form shall not be greater than the entity's labor costs in responding to the request for the copy." 42 U.S.C. § 17935.

89.    Defendant breached its duty to conform to the standard the HITECH Act establishes in that Defendant charged Plaintiff fees greater than its labor costs in responding to Plaintiff's request for Plaintiff's EMR/EHR.

90.    Defendant acted knowingly, recklessly and/or with indifference to the consequences in over-charging Plaintiff for furnishing Plaintiff's EMR/EHR.

15

91.    As a direct and proximate result of Defendant's negligent and/or wanton conduct, Plaintiff and class members have been injured and damaged and demands all damages entitled to her, including punitive damages.

## COUNT VI

## NEGLIGENCE AND/OR WANTONNESS *PER SE*

92.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

93.    The Health Records Act provides that providers, such as Defendant, can only "recover the full reasonable cost of such production" for medical and health records that are in not paper form—such as EMR/EHR. O.C.G.A. § 31–33–3(a).

94.    Defendant violated the Health Records Act in charging per page fees for EMR/EHR, which are only allowed for records in paper form, rather than charging the reasonable cost of producing the EMR/EHR. *See* O.C.G.A. § 31–33–3(a).

95.    Plaintiff falls within the class of persons the Health Records Act seeks to protect as the Plaintiff sought medical records and the purpose of the Act is ensuring those seeking medical records are not charged more than the reasonable costs of production.

96.    The harm Plaintiff complains of is the harm the Health Records Act intends to prevent as the Defendant charged more than the reasonable costs of producing the EMR/EHR.

97.    Further, as a business associate of a covered entity, the HIPAA Privacy Rule applies to Defendant. 45 C.F.R. § 164.500(c).

98.    The HIPAA Privacy Rule provides that business associates of covered entities are only allowed to "impose a reasonable, cost-based fee" for providing PHI. 45 C.F.R. § 164.524(c)(4).

16

99.    Since EMR/EHR are PHI maintained electronically, Defendant should have charged Plaintiff either its actual costs to produce the PHI or a flat fee of $6.50 in order for the fee to be a reasonable, cost-based fee under the Privacy Rule.

100.    Defendant violated the Privacy Rule in charging a per page fee under an average costs calculation, resulting in an unreasonable fee.

101.    Plaintiff falls within the class of persons the HIPAA Privacy Rule seeks to protect as the Plaintiff sought medical records and the purpose of the Act is ensuring access to health records without unreasonable fees.

102.    Additionally, the HITECH Act provides the fees for producing medical records in electronic form "shall not be greater than the entity's labor costs in responding to the request for the copy." 42 U.S.C. § 17935.

103.    Defendant violated the HITECH Act by charging a per page fee for medical records in electronic form, which was greater than Defendant's costs in responding to the request for the copy.

104.    Plaintiff falls within the class of persons the HITECH Act seeks to protect as the Plaintiff sought electronic health records and the purpose of the Act is ensuring those seeking electronic health records are not overcharged.

105.    Defendant acted knowingly, recklessly, and/or with indifference to the consequences in violating the Health Records Act, the HIPAA Privacy Rule,a nd/or the HITECH Act.

106.    As a result of Defendant's breach of the duties enshrined in the Health Records Act, the HIPAA Privacy Rule, and/or the HITECH Act, Plaintiff and class members have been injured and damaged and demands all damages entitled to her, including punitive damages.

17

## COUNT VII

### FRAUD

107.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

108.    Defendant made a false representation, in the invoice it sent Plaintiff, that Defendant was charging per paper page fees for Plaintiff's EMR/EHR as though the EMR/EHR were paper copies or in a paper format.

109.    Defendant made the false representation with knowledge of its falsity and with the intent to deceive the Plaintiff.

110.    Defendant made the false representation with the intention to induce the Plaintiff to pay for Plaintiff's EMR/EHR.

111.    Plaintiff justifiably reliance on Defendant's false representation in paying the invoice.

112.    As a proximate result of Plaintiff's reliance on Defendant's misrepresentation, Plaintiff has been injured and damaged and demands all damages entitled to her, including punitive damages.

## COUNT VIII

### FRAUDULENT CONCEALMENT

113.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

114.    Defendant had a duty to disclose the fact that, by charging a per paper page fee for electronic records, it was charging Plaintiff in excess of its labor costs and it was charging Plaintiff more than the reasonable costs to produce Plaintiff's EMR/EHR.

18

115.    This duty was created when Plaintiff's agent requested her EMR/EHR.

116.    Defendant concealed material facts in that Defendant concealed, at the time Plaintiff's agent paid for Plaintiff's EMR/EHR, that it was charging a per paper page fee as though the records were paper copies and that the per paper page fee exceeded Defendant's labor costs and the reasonable costs to produce the electronic records.

117.    Further, Defendant concealed the material fact as to its actual costs and labor costs to produce EMR/EHR.

118.    Defendant knowingly omitted the material facts that it was charging Plaintiff based on a per paper page fee that exceeded its labor costs with the intent and purpose of deceiving Plaintiff.

119.    Plaintiff reasonably relied on Defendant's omission of the material facts in that Plaintiff paid fees for electronic records at per paper page prices.

120.    As a proximate result of Plaintiff's reliance on Defendant's fraudulent concealment, Plaintiff was injured and damaged and demands all damages entitled to her, including punitive damages.

## COUNT IX

### NEGLIGENT MISREPRESENTATION

121.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 47 above.

122.    Defendant negligently supplied false information, in the invoice it sent Plaintiff, that Defendant was charging per paper page fees for Plaintiff's EMR/EHR as though the EMR/EHR were paper copies or in a paper format.

19

123.    Defendant supplied this information during the course or business and in a transaction in which Defendant had a pecuniary interest.

124.    Plaintiff was a foreseeable person to which the Defendant gave this information.

125.    Defendant was manifestly aware that Plaintiff would use this information to pay for Plaintiff's EMR/EHR.

126.    Defendant intended the Plaintiff to use the information in paying for Plaintiff's EMR/EHR.

127.    Plaintiff reasonably relied on Defendant's negligent supply of false information in that Plaintiff paid for Plaintiff's EMR/EHR.

128.    As a proximate result of Defendant's fraudulent concealment, Plaintiff and class members have suffered economic injury, was damaged and demands all damages entitled to her, including punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members demand judgment against Defendant for the following relief:

1.    An award of compensatory and consequential damages in such an amount as a jury deems reasonable and may award at trial;

2.    Interest;

3.    Mental anguish and emotional distress;

4.    An award of punitive damages;

5.    Attorneys' fees and costs; and

6.    Such injunctive and other equitable relief as may be deemed proper by the Court.

This March 13, 2017.

20

Respectfully submitted,

*/s/Eric Fredrickson*

JERE L. BEASLEY*
W. DANIEL "Dee" MILES, III*
ARCHIE I. GRUBB, II (GA Bar No. 314384)
ANDREW E. BRASHIER*
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160 (36103)
Montgomery, Alabama 36104
Telephone: (334) 269-2343
jere.beasley@beasleyallen.com
dee.miles@beasleyallen.com

**Pro hac vice* anticipated

MATT HARMAN
ERIC FREDRICKSON
**HARMAN LAW LLC**
3414 Peachtree Rd NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 554-0777

**ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

21

Fulton County Superior Court
***EFILED***WW
Date: 3/17/2017 9:28:44 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

MONIQUE ROSCOE,                          *
on behalf of all others similarly situated,   *
                                         *
        Plaintiff,                       *          CASE NO. 2017CV287340
                                         *
v.                                       *          CLASS ACTION
                                         *
CIOX HEALTH, LLC f/k/a                   *
HEALTHPORT TECHNOLOGIES,                 *
LLC,                                     *
                                         *
        Defendant.                       *

### NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff Monique Roscoe, and files this Affidavit of Service as to

Defendant, attached hereto as Exhibit 1.

Respectfully submitted, this March 17, 2017.

                              /s/Eric Fredrickson

                              JERE L. BEASLEY*
                              W. DANIEL "Dee" MILES, III*
                              ARCHIE I. GRUBB, II (GA Bar No. 314384)
                              ANDREW E. BRASHIER*
                              **BEASLEY, ALLEN, CROW,**
                              **METHVIN, PORTIS & MILES, P.C.**
                              272 Commerce Street
                              Post Office Box 4160 (36103)
                              Montgomery, Alabama 36104
                              Telephone: (334) 269-2343
                              jere.beasley@beasleyallen.com
                              dee.miles@beasleyallen.com

                              *Pro hac vice anticipated

MATT HARMAN
ERIC FREDRICKSON
**HARMAN LAW LLC**
3414 Peachtree Rd NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 554-0777

**ATTORNEYS FOR PLAINTIFF**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MONIQUE ROSCOE,                         *
on behalf of all others similarly situated,  *
                                        *
       Plaintiff,                       *        CASE NO. 2017CV287340
                                        *
v.                                      *        CLASS ACTION
                                        *
CIOX HEALTH, LLC f/k/a                  *
HEALTHPORT TECHNOLOGIES,                *
LLC,                                    *
                                        *
       Defendant.                       *

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties of record in the above-referenced matter with a copy of the foregoing by electronically filing and by placing a copy in the United States Mail, postage prepaid to ensure delivery.

This March 17, 2017.

                          */s/Eric Fredrickson*

                          JERE L. BEASLEY*
                          W. DANIEL "Dee" MILES, III*
                          ARCHIE I. GRUBB, II (GA Bar No. 314384)
                          ANDREW E. BRASHIER*
                          **BEASLEY, ALLEN, CROW,**
                          **METHVIN, PORTIS & MILES, P.C.**
                          272 Commerce Street
                          Post Office Box 4160 (36103)
                          Montgomery, Alabama 36104
                          Telephone: (334) 269-2343
                          jere.beasley@beasleyallen.com
                          dee.miles@beasleyallen.com

                          *Pro hac vice* anticipated

MATT HARMAN
ERIC FREDRICKSON
**HARMAN LAW LLC**
3414 Peachtree Rd NE
Suite 1250
Atlanta, GA 30326
Telephone: (404) 554-0777

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 1

**STATE OF GEORGIA**

**SUPERIOR COURT OF FULTON COUNTY**

**AFFIDAVIT OF SERVICE**

**CASE NO.: 2017CV287340**

Date Received: 3.15.17.                    *DOCUMENT(s)/Writ(s) Served:*

**SUMMONS/COMPLAINT.**

Attorney:                                          Plaintiff(s):

Matthew S. Harman, Esq.                    MONIQUE ROSCOE,

3414 Peachtree Road, NE

Suite 1250

Atlanta, GA 30326

                                                              v.

Name and Address of Party To Be Served:      Defendant(s):

Ciox Health, LLC f/k/a Healthport Technologies, LLC      CIOX HEALTH, LLC F/K/A

c/o Corporation Service Company, Registered Agent      HEALTHPORT TECHNOLOGIES, LLC.

40Technology Parkway South, Suite 300

Norcross, GA 30092

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Personally  appeared before me, the undersigned officer duly authorized to administer oaths: **Hassan M.Rashid** who first being duly sworn on oaths deposes and states that he is a citizen of the United States and 21 years of age or older and a party having no interest in this action. Affiant further states that this writ was served as indicated **below.**

_____ INDIVIDUAL  - I have this day  served  at  with a copy of the writs and tendered the applicable witness fee of $n/a.

_XXXXXXX_ CORPORATE - Served the Corporation: _**CIOX HEALTH, LLC F/K/A HEALTHPORT TECHNOLOGIES, LLC on March 15, 2017 @3:45pm**_ at _**40 Technology Parkway South, Suite 300, Norcross GA 30092**_ by leaving a copy of the writs with: _**Alisha Smith, CSC Process Specialist/authorized agent for service of process**_ in charge of the office and place of doing business of said Corporation in Gwinnett County, Georgia, and tendered the applicable witness fee of $n/a.

_____ SUBSTITUTE – I have this day  served  at  by leaving a copy of the writs with:   who is authorized to accept on her behalf and tendered the applicable witness fee of $.

Sworn to and subscribed to me on this **16** day of M arch 2017.

_____

Notary Public                                                          Process Server: Hassan M. Rashid

My Commission Expires: 10.12.19                      LEGAL UNLIMITED, INC.

1750 Peachtree Street NW

Atlanta, GA 30309

(404) 408-5900



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MAR - 3 1997

DEPUTY CLERK SUPERIOR COU.
FULTON COUNTY, C.

HASSAN M. RASHID,                 )   CIVIL ACTION
                                  )   FILE NO. _____
        Petitioner,               )

ORDER

The Petition for Appointment of HASSAN M. RASHID, for Permanent Process

Server having been read and considered,

        IT IS HEREBY ORDERED: That HASSAN M. RASHID, shall be, and hereby is,

Appointed Permanent Process Server for matters pertaining to this Court.

CHIEF JUDGE, ISSAC JENRETTE
Fulton County Superior Court
Atlanta Judicial Circuit

BK 16452 PG424

Harman Law
3414 Peachtree Road, Suite 1250
Atlanta, GA  30326

$0.460
US POSTAGE
FIRST-CLASS
FROM 30326
MAR 17 2017
stamps.com

062S0007867649

CIOX Health, LLC
c/o Registered Agent
40 Technology Pkwy, S Ste 300
Norcross GA 30092-2924