## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF GEORGIA
## ATLANTA DIVISION

MONIQUE ROSCOE,       )
on behalf of all others     )
similarly situated,        )
                             )
     Plaintiff,        )     **CASE NO. 1:17-cv-1350-RWS**
                             )
v.                    )     **CLASS ACTION**
                             )
CIOX HEALTH, LLC f/k/a   )     **JURY TRIAL DEMANDED**
HEALTHPORT            )
TECHNOLOGIES, LLC,     )
                             )
     Defendant.       )

## FIRST AMENDED COMPLAINT

Plaintiff Monique Roscoe ("Roscoe" or "Plaintiff"), on behalf of all other similarly-situated Class members, and alleges as follows:

## STATEMENT OF THE PARTIES

1.    Plaintiff is an adult over eighteen (18) years of age and resident of McDonough, Georgia.

2.    At all times hereinafter, Harman Law, LLC, which has its principal place of business in Fulton County, Georgia, and is headquartered at 3414 Peachtree Road Northeast, Suite 1250, Atlanta, Georgia 30326, acted as Plaintiff's agent with express and/or apparent authority to affect the legal relations of Plaintiff with Defendant and with the Plaintiff's consent to obtain Electronic Medical

Records/Electronic Health Records from Defendant on Plaintiff's behalf.

3.     Harman Law, LLC acted within the scope of its authority at all times hereinafter on behalf of Plaintiff.

4.     Defendant CIOX Health, LLC, f/k/a HealthPort Technologies, LLC, ("Defendant" or "CIOX") is a limited liability corporation organized and existing under the laws of Georgia with its principal place of business in the State of Georgia. CIOX is engaged in the business of the release, retrieval, and management of health information. CIOX is headquartered at 925 North Point Parkway, Suite 350, Alpharetta, Georgia 30005, and has a registered agent, Corporation Service Company, upon whom service may be rendered located at 40 Technology Parkway Southsuite 300, Norcross, Georgia 30092.

5.     Defendant CIOX's members are Smart Holdings Corp. and CT Technologies Intermediate Holdings, Inc. – both are Delaware corporations with their principal places of business in Georgia. Therefore, Ciox has dual citizenship with the state of Delaware and Georgia. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

6.     On or about March 1, 2016, Defendant changed its name from "HealthPort Technologies, LLC" to "CIOX Health, LLC."

## **JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over this class action.

Plaintiff is a citizen of a State different from Defendant, and so are many other Class members. See 28 U.S.C. § 1332(d)(2). In addition, the claims of the class in the aggregate exceed the minimally required amount in controversy. See 28 U.S.C. § 1332(d)(6).

8.     This Court has personal jurisdiction over Defendant. Among other things, Defendant is registered to and does conduct business in Georgia, Defendant is headquartered in and a substantial part of the acts giving rise to the claims between Plaintiff and Defendant occurred in Georgia, Defendant has breached contracts with persons located in Georgia, has caused injuries in Georgia, and generally engages in substantial activity in Georgia.

9.     This Court is also a proper venue for this action. Defendant is subject to personal jurisdiction in the Northern District of Georgia, which "[f]or purposes of venue," means that Defendant resides in this judicial district. 28 U.S.C. § 1391(b)(1), (c).

## FACTUAL BACKGROUND AND SUMMARY OF ALLEGATIONS

10.     Plaintiff was injured in a car wreck on or about April 14, 2016.

11.     On or about the same day Plaintiff was treated at Piedmont Henry Hospital in Stockbridge, Georgia.

12.     Plaintiff retained Harman Law, LLC ("Harman Law") as her agent and counsel to provide legal representation against the tortfeasor.

13.     During its representation of Plaintiff and within the scope of its authority, Harman Law entered into a contract with Defendant to obtain Plaintiff's medical and health records.  Medical record that are in an electronic format are called Electronic Medical Records ("EMR")/Electronic Health Records ("EHR").

14.     In consideration of the contract, Plaintiff, by and through her agent Harman Law, agreed to pay the Defendant upfront in furnishing Plaintiff's medical and health records.

15.     Harman Law, acting as Plaintiff's agent and within the scope of its authority, paid the $67.77 Defendant required for the Plaintiff's medical and health records.

16.     Defendant furnished Plaintiff's medical and health records to Harman Law in EMR/EHR form through an online portal.

17.     On May 24, 2016, Defendant submitted an itemized invoice providing that Defendant charged Plaintiff a "Basic Fee" and "Per Page Copy" fees for Plaintiff's EMR/EHR:

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 25.88 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 2 | 20 | 0.97 | 19.40 |
| Per Page Copy (Paper) 1 | 13 | 0.83 | 10.79 |
| Electronic Dlvry Fee | | | 2.00 |
| Certification Fee | | | 9.70 |
| Subtotal | | | 67.77 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 67.77 |
| Less Payment | | | -67.77 |
| Balance Due | | | 0.00 |

18.     This invoice was the first time that Plaintiff, by and through her agent Harman Law, realized that the EMR/EHR produced was being charged as though they were paper copies instead of electronic records.

19.     Upon settlement of Plaintiff's claims related to the injuries she sustained in the car wreck caused by the tortfeasor, Plaintiff paid the costs her agent, Harman Law, incurred from Defendant in obtaining her EMR/EHR.

20.     The Health Records Act limits the costs that providers, such as Defendant, can charge patients and their agents to furnish medical and health records, in both paper form and EMR/EHR form.  O.C.G.A. § 31–33–3(a).

21.     The Health Records Act allows providers, such as Defendant, to charge a fee "up to $20.00 . . . for search, retrieval, and other direct administrative costs" related to furnishing medical records.  O.C.G.A. § 31–33–3(a).  The Department of Community Health, pursuant to O.C.G.A. § 31–33–3(a), has increased the fee to $25.88.[1]

22.     The Health Records Act allows providers to charge costs in addition to the $25.88 a search, retrieval, and administrative costs fee, but the amount of the additional costs depends upon whether the medical and health records are "not in paper form" or "in paper form."  O.C.G.A. § 31–33–3(a).

---

[1] *Medical Records Retrieval Rates*, GA. DEP'T OF CMTY. HEALTH, https://dch.georgia.gov/medical-records-retrieval-rates (last visited Jan. 6, 2017).

23.     For medical and health records that are not in paper form—such as EMR/EHR—the Health Records Act provides that providers, such as Defendant, can only "recover the full reasonable cost of such production" of the medical and health records.  O.C.G.A. § 31–33–3(a).

24.     Plaintiff's medical and health records were EMR/EHR and not in paper form.

25.     Rather than charging Plaintiff for the reasonable costs of production of Plaintiff's EMR/EHR—as required by the Health Records Act—Defendant recovered a per page fee as though the documents were in paper form.

26.     Defendant violated the Health Records Act in charging Plaintiff, by and through her agent, a fee that was more than the reasonable costs to produce Plaintiff's EMR/EHR.

27.     Additionally, Defendant is a "business associate" of a covered entity (Piedmont Henry Hospital) that is subject to the Health Insurance Portability and Accountability Act ("HIPAA") in that Defendant "provides data transmission services with respect to protected health information to" HIPAA-covered entities, acquires access to protected health information on a routine basis, and/or offers personal health records on behalf of HIPAA-covered entities.  45 C.F.R. § 160.103(3)(i)–(ii).

28.     HIPAA's "Privacy Rule" grants Plaintiff access to protected health information ("PHI"), both in paper and in EMR/EHR form.  45 C.F.R. § 164.524.

29.     HIPAA defines PHI as "individually identifiable health information . . . that is: (i) Transmitted by electronic media; (ii) Maintained in electronic media; or (iii) Transmitted or maintained in any other form or medium."  45 C.F.R. § 160.103(1).

30.     As a business associate of a covered entity, Defendant is subject to the Privacy Rule.  45 C.F.R. § 164.500(c).

31.     Under the Privacy Rule, business associates of covered entities are only allowed to "impose a reasonable, cost-based fee" for providing PHI.  45 C.F.R. § 164.524(c)(4).  According to the Department of Health and Human Services,[2] these reasonable, cost-based fee for PHI can be calculated in one of three ways:

> A.  Actual Costs—Actual costs are the reasonable labor costs for copying the PHI at an hourly rate but do not include the cost of reviewing the HIPAA requests, retrieving, compiling, or collecting the PHI.  Additionally, actual costs include the cost of supplies and postage, if any.

---

[2] *Individuals' Right under HIPAA to Access their Health Information 45 CFR § 164.524*, U.S. DEP'T OF HEALTH & HUMAN SERVS., http://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html#newlyreleasedfaqs (last accessed: Jan. 6, 2017) [hereinafter *Individuals' Right under HIPAA*].

B. Average Costs—Average costs allow business associates to create a schedule of per page fees, plus supply and postage costs. However, average costs are allowed when the PHI is in paper form but **are not allowed** "for paper or electronic copies of PHI maintained electronically." The Office for Civil Rights "does not consider per page fees for copies of PHI maintained electronically [including EMR/EHR] to be reasonable for purposes of" the Privacy Rule.

C. Flat Fee—Flat fees are allowed for copies of PHI maintained electronically, but the charge cannot exceed $6.50. If a business associate wants to charge more than a $6.50 flat fee for producing PHI, it must use calculate costs according to actual or average costs.

32. Plaintiff's medical and health records were PHI maintained electronically rather than in paper form.

33. Since Plaintiff's EMR/EHR were PHI maintained electronically, Defendant should have charged Plaintiff its actual costs to produce the PHI or a flat fee of $6.50 in order for the fee to be a reasonable, cost-based fee under the Privacy Rule.

34. Defendant charged Plaintiff per page fees for Plaintiff's PHI using an average costs calculation despite the Privacy Rule's requirements that Defendant

charge Plaintiff according to its actual costs in producing the EMR/EHR or a flat fee of $6.50.

35.    Further, Defendant charged Plaintiff using the average costs calculation despite the fact that per page fees for PHI electronically maintained are unreasonable under the Privacy Rule.

36.    Defendant violated HIPAA's Privacy Rule in that Defendant failed to impose a reasonable, cost-based fee for providing Plaintiff's PHI in EMR/EHR form.

37.    Moreover, the Health Information Technology for Economic and Clinical Health Act ("HITECH Act") amended HIPAA's Privacy Rule by placing further limitations on business associates of covered entities when providing PHI in electronic form—including EMR/EHR.  The HITECH Act provides the fees for producing PHI in electronic form "shall not be greater than the entity's labor costs in responding to the request for the copy."  42 U.S.C. § 17935.

38.    Defendant's labor costs in producing Plaintiff's PHI in EMR/EHR form were substantially less than the per paper copy fees it charged Plaintiff.

39.    Defendant violated the HITECH Act in that Defendant charged Plaintiff a fee greater than its labor costs when Defendant charged per page fees and a basic fee of $25.88 for Plaintiff's EMR/EHR.

40. As a direct and proximate cause of Defendant's illegal actions, Plaintiff has suffered economic harm by overpaying for Plaintiff's EMR/EHR.

41. Defendant has engaged in a pattern and practice of overcharging consumers for their EMR/EHR falsely as though the medical records were in paper form.

42. Defendant has engaged in a pattern and practice of this unlawful behavior, which is continuing, occurring nationwide and has harmed an unknown number of consumers who also suffer from mental health and substance abuse disorders.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23.

44. Plaintiff asserts her claims of breach of contract, unjust enrichment, Georgia Deceptive Trade Practices Act violations, Georgia Fair Business Practices Act violations, negligence and/or negligence wantonness *per se*, on behalf of a proposed class ("Class"), defined as follows:

> Any and all person in the United States and its territories who requested EMR/EHR, either themselves or through an agent acting on their behalf, from CIOX Health, LLC or its predecessors (such as HealthPort Technologies, LLC).

> Excluded from the Class are: (1) the Judge to whom this case is assigned, members of his/her immediate family, and employees of the Court; (2) all persons who make a timely election to be excluded from the Class; and (3) the law firms representing the

parties in this action and the immediate family of counsel of record.

45.     Plaintiff is a member of the class she seeks to represent.

46.     <u>Numerosity</u>: Pursuant to Fed. R. Civ. P. 23(a)(1), the Class is so numerous that joinder of all Class members is impracticable. While the exact numbers of Class members is unknown to the Plaintiff at this time, based on information and belief, hundreds or thousands of individuals satisfy the Class definition.

47.     <u>Commonality/Predominance</u>: Pursuant to Fed. R. Civ. P. 23(a)(2), there are questions of law and fact that are common to the Class, which predominate over questions affecting individual Class members. These common questions of law and fact include, but are not limited to:

A.   Whether Defendant engaged in the conduct described herein.

B.   Whether Defendant's conduct described herein constitutes breach of contract.

C.   Whether Defendant was unjustly enriched by receiving per page fees for electronic records.

D.   Whether Defendant's aforementioned conduct constitutes an unfair or deceptive trade practice in violation of the Georgia Deceptive Trade Practices Act. O.C.G.A. §§ 10-1-370, *et seq*.

E. Whether Defendant's aforementioned conduct constitutes an unfair or deceptive trade practice in violation of the Georgia Fair Business Practices Act. O.C.G.A. §§ 10-1-390, *et seq*.

F. Whether Defendant violated the Health Records Act, O.C.G.A. § 31–33–3(a), by charging a per page fee for EMR/EHR.

G. Whether Defendant charged an unreasonable fee for EMR/EHR under the HIPAA's "Privacy Rule." 45 C.F.R. § 164.524(c)(4).

H. Whether Defendant charged a fee greater than its labor costs for EMR/EHR in violation of the HITECH Act. 42 U.S.C. § 17935.

I. Whether Defendant concealed the fact it charged per page fees for electronic records.

J. Whether Defendant misrepresented it was charging per page fees for EMR/EHR as though they were records in paper form.

K. The appropriate measure of monetary, injunctive, and other relief.

48. <u>Typicality</u>: Pursuant to Fed. R. Civ. P. (a)(3), Plaintiff's claims are typical among the members of the class because, like that of each Class member: (1) it was typical for Class members to request records from Defendant; (2) it was typical for Defendant to charge per page fees for EMR/EHR as though the records were in paper form; (3) it was typical for Defendant to charge fees for electronic medical records that were greater than its actual costs and labor costs; (4) it was

typical for Defendant to conceal its actual costs and labor costs in producing EMR/EHR; and (5) it was typical for Defendant to misrepresent in invoices the EMR/EHR was in paper form.

49.     Adequacy of representation:  Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and adequately protect the Class member's interest.  Further, Plaintiff has counsel who are competent and experienced in litigation in this State and in class action ligation.

50.     Superiority: A class action is superior to other methods of fairly and efficiently adjudicating the controversy since joinder of all Class members is impracticable.  Further, a class action is superior to other methods as each Class member's claims are not of such a magnitude to be economically feasible to pursue on an individual basis and the amount of these claims is small compared to the litigating expense and burden.  Requiring hundreds and thousands of Class members to file on an individual basis would lead to inconsistent judgments and burden the court.  Concentrating the litigation of all Class members' claims into a single action is in the interest of judicial efficiency and justice.

## COUNT I

## BREACH OF CONTRACT

51.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

52.     Defendant is a limited liability company engaged in the business of furnishing medical and health records, including EMR/EHR.

53.     Plaintiff, by and through her agent Harman Law, and Defendant entered into a contract in which the Defendant was responsible for furnishing medical and health records in return for Plaintiff's payment.

54.     Plaintiff has performed under the contract in that she made timely payment for the medical and health records, which were provided in EMR/EHR form.

55.     Defendant breached the contract by overcharging Plaintiff for EMR/EHR by charging Plaintiff as though the records were in paper form.

56.     In the alternative, Defendant has breached an implied contract as demonstrated by the actions of the parties.

57.     Plaintiff and Class members have been injured and damaged by the aforesaid breach of contract in the following way: suffered monetary and economic harm in the form of excessive charges for EMR/EHR.

## COUNT II

### BREACH OF CONTRACT BY
### BREACHING THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

58.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

59.     Defendant is a limited liability company engaged in the business of furnishing medical and health records, including EMR/EHR.

60.     Plaintiff, by and through her agent Harman Law, and Defendant entered into a contract in which the Defendant was responsible for furnishing medical and health records in return for Plaintiff's payment.

61.     Plaintiff has performed under the contract in that she made timely payment for the medical and health records, which were provided in EMR/EHR form.

62.     The implied covenant of good faith and fair dealing imposes a duty upon Defendant to comply diligently, and in good faith, with the contract.

63.     Defendant breach the implied covenant of good faith and fair dealing in charging Plaintiff per paper pages fees for electronic copies of medical records.

64.     Plaintiff and Class members have been injured and damaged by the aforesaid breach of contract by breaching the implied covenant of good faith and fair dealing in the ways identified in paragraph 57.

## COUNT III

### UNJUST ENRICHMENT

65.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

66.     In the alternative to Counts I and II, Plaintiff pleads that Defendant was unjustly enriched as a result of its conduct alleged in this complaint.

67.     Plaintiff, by and through her agent Harman Law, conferred a benefit upon Defendant in that Defendant received payment for medical and health records on a per paper page basis from the Plaintiff but Defendant provided EMR/EHR records.

68.     Defendant equitably ought to compensate or to return the benefit Plaintiff conferred.

69.     Retention of the benefit would be unjust because Defendant charged Plaintiff and Class members for electronic records as though the records were in paper form; Defendant's actual costs in producing EMR/EHR were far less than what it charged Plaintiff; and Defendant's conduct violated the Health Records Act, HIPAA's Privacy Rule, and the HITECH Act.

## COUNT IV

## GEORGIA DECEPTIVE TRADE PRACTICES ACT VIOLATION
## O.C.G.A. § 10-1-370 *ET SEQ.*

70.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

71.     The Georgia Deceptive Trade Practices Act ("DTPA") prohibits a variety of practices identified in O.C.G.A. § 10-1-372.

72.     Defendant fits within the definition of persons subject to the DTPA identified in O.C.G.A. § 10-1-371(5).

73.     Under Section 10-1-372(a)(5), (7) of the DTPA, a deceptive trade practice occurs when a person, in the course of business, engages in the following conduct:

> a.     "Represent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have," O.G.G.A. § 10-1-372(a)(5); and
>
> b.     "Represent[ing] that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are of another," O.G.G.A. § 10-1-372(a)(7).

74.     Additionally, under Section 10-1-372(a)(12) of the DTPA, a deceptive trade practice occurs when a person, in the course of business, engages in conduct that "creates a likelihood of confusion or of misunderstanding."

75.     By systematically providing EMR/EHR but billing as though they were printed paper copies, Defendant has engaged in unfair and deceptive practices prohibited by the Georgia DTPA.

76.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff, about the true nature of the format and records she received from Defendant.

77.     Defendant knowing misrepresented material facts regarding the documents produced to Plaintiff, namely that they were EMR/EHR and not paper documents that required scanning into electronic format.

78.     Defendant knew or should have known its conduct violated the Georgia DTPA.

79.     Plaintiff and the class suffered ascertainable loss caused by Defendant's misrepresentations and its failure to disclose material information. Plaintiff and Class members have paid more for their EMR/EHR than they should have. Plaintiff and Class members did not receive the benefit of the bargain as a result of Defendant's misconduct.

80.     Defendant's violations present a continuing risk to the public and it is in the public interest to address the harm caused through the overcharge and misrepresentation made by Defendant. All wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.

81.     As a direct and proximate result of Defendant's violations of the Georgia DTPA, Plaintiff and Class members have suffered injury-in-fact and actual damages.

82.     Defendant violated the DTPA when Defendant's fees and charges for Plaintiff's PHI were based on paper copies, despite the PHI being maintained in electronic format.  This misrepresentation of the Plaintiff's PHI being converted from paper format constitutes a violation of Sections 10-1-372(a)(5) and (7). Furthermore, this misrepresentation created a likelihood of confusion and misunderstanding as to the Defendant's actual labor costs in producing Plaintiff's EMR/EHR in violation of Section 10-1-372(a)(12).

83.     Defendant willfully and knowingly engaged in the deceptive trade practice.

84.     Plaintiff prays that this Court will enjoin Defendant from charging in excess of $6.50, or any reasonable fee this Court finds in the interests of justice and equity, for EMR/EHR.

85.     Defendant's violation of the DTPA has injured Plaintiff and Class members and Plaintiff demands injunctive relief, costs, attorney's fees, damages, all relief available under O.C.G.A. § 10-1-373, and all such further relief as this Court deems necessary in the pursuit of justice.

## COUNT V

### VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT, O.C.G.A. §§ 10-1-390, *ET SEQ.*

86.     Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

87.     Plaintiff is a consumer within the meaning of the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-392(6).

88.     Plaintiff, proposed class, and Defendant are persons within the meaning of O.C.G.A. § 10-1-392(24).

89.     The Georgia FBPA declares "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce" to be unlawful.   O.C.G.A. § 10-1-393(a).   Such improper acts and practices include but are not limited to "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," "[r]epresenting that goods or services are of a particular standard, quality, or grade … if they are of another," and "[a]dvertising goods or services with intent not to sell them as advertised."  O.C.G.A. § 10-1-393(b).

90.     By systematically providing EMR/EHR but billing as though they were printed paper copies, Defendant has engaged in unfair and deceptive practices prohibited by the Georgia FBPA.

91.     Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff, about the true nature of the format and records she received from defendant.

92.     Defendant knowing misrepresented material facts regarding the documents produced to Plaintiff, namely that they were EMR/EHR and not paper documents that required scanning into electronic format.

93.     Defendant knew or should have known its conduct violated the Georgia FBPA.

94.     Plaintiff and the class suffered ascertainable loss caused by Defendant's misrepresentations and its failure to disclose material information.  Plaintiff and Class members have paid more for their EMR/EHR than they should have.  Plaintiff and Class members did not receive the benefit of the bargain as a result of Defendant's misconduct.

95.     Defendant's violations present a continuing risk to the public and it is in the public interest to address the harm caused through the overcharge and misrepresentation made by Defendant.  All wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business.

96.     As a direct and proximate result of Defendant's violations of the Georgia FBPA, Plaintiff and Class members have suffered injury-in-fact and actual damages.

97.     Plaintiff provided a written demand for relief on April 21, 2017, thirty days prior to the filing of an amended complaint that articulates this cause of action

against Defendant under the Georgia Fair Business Practices Act. *See* O.C.G.A. § 10-1-399(b).

98.     Defendant expressly rejected Plaintiff's written demand on May 18, 2017.

99.     Plaintiff and Class members are entitled to recover damages, exemplary damages (for intentional violations), attorneys' fees, expenses, and injunctive relief pursuant to O.C.G.A. § 10-1-399(a), (d).

## COUNT VI

## NEGLIGENCE

100.    Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

101.    Defendant owed Plaintiff a legal duty of due care to disclose material facts relating to the costs and charges of furnishing Plaintiff's medical and health records whether they were produced in paper form or EMR/EHR form.

102.    Defendant breached its duty to in charging Plaintiff a per paper page fee to furnish Plaintiff's EMR/EHR rather than charging reasonable costs.

103.    Defendant owed Plaintiff a duty to conform to the standard of conduct that the Health Record Act establishes: A provider of medical records not in paper form must charge the full reasonable costs for the records rather than a per page fee. O.C.G.A. § 31–33–3(a).

104.   Defendant breached its duty to conform to the standard the Health Record Act establishes in that Defendant charged Plaintiff a per paper page fee as though the records were in paper form when furnishing Plaintiff's EMR/EHR (medical records that are in electronic form, not in paper form) rather than charging reasonable costs.

105.   Further, Defendant owed Plaintiff a duty to conform to the standard of conduct that the HIPAA Privacy Rule establishes:  A business associate of a covered entity may impose only "a reasonable, cost-based fee."  45 C.F.R. § 164.524(c)(4). When providing PHI maintained electronically, a reasonable, cost-based is either its actual costs (labor costs) or a flat fee of $6.50 but not average costs, such as per paper page fees.

106.   Defendant breached its duty to conform to the standard the HIPAA Privacy Rule establishes in that Defendant failed to charge a reasonable, cost-based fee for Plaintiff's PHI maintained electronically in EMR/EHR form.  Defendant negligently charged Plaintiff according to an average costs calculation using per paper page fees when Defendant should have charged Plaintiff its labor costs or a flat fee of $6.50.

107.   Moreover, Defendant owed Plaintiff a duty to conform to the standard of conduct that the HITECH Act establishes: The fee PHI-provider imposes for

furnishing PHI "in an electronic form shall not be greater than the entity's labor costs in responding to the request for the copy." 42 U.S.C. § 17935.

108. Defendant breached its duty to conform to the standard the HITECH Act establishes in that Defendant charged Plaintiff fees greater than its labor costs in responding to Plaintiff's request for Plaintiff's EMR/EHR.

109. As a direct and proximate result of Defendant's negligent conduct, Plaintiff and Class members have been injured and damaged and demands all damages entitled to her.

## COUNT VII

## NEGLIGENCE *PER SE*

110. Plaintiff incorporates by reference as though fully set forth herein Paragraphs 1 through 50 above.

111. The Health Records Act provides that providers, such as Defendant, can only "recover the full reasonable cost of such production" for medical and health records that are in not paper form—such as EMR/EHR. O.C.G.A. § 31–33–3(a).

112. Defendant violated the Health Records Act in charging per page fees for EMR/EHR, which are only allowed for records in paper form, rather than charging the reasonable cost of producing the EMR/EHR. *See* O.C.G.A. § 31–33–3(a).

113.   Plaintiff falls within the class of persons the Health Records Act seeks to protect as the Plaintiff sought medical records and the purpose of the Act is ensuring those seeking medical records are not charged more than the reasonable costs of production.

114.   The harm Plaintiff complains of is the harm the Health Records Act intends to prevent as the Defendant charged more than the reasonable costs of producing the EMR/EHR.

115.   Further, as a business associate of a covered entity, the HIPAA Privacy Rule applies to Defendant.  45 C.F.R. § 164.500(c).

116.   The HIPAA Privacy Rule provides that business associates of covered entities are only allowed to "impose a reasonable, cost-based fee" for providing PHI. 45 C.F.R. § 164.524(c)(4).

117.   Since EMR/EHR are PHI maintained electronically, Defendant should have charged Plaintiff either its actual costs to produce the PHI or a flat fee of $6.50 in order for the fee to be a reasonable, cost-based fee under the Privacy Rule.

118.   Defendant violated the Privacy Rule in charging a per page fee under an average costs calculation, resulting in an unreasonable fee.

119.   Plaintiff falls within the class of persons the HIPAA Privacy Rule seeks to protect as the Plaintiff sought medical records and the purpose of the Act is ensuring access to health records without unreasonable fees.

120. Additionally, the HITECH Act provides the fees for producing medical records in electronic form "shall not be greater than the entity's labor costs in responding to the request for the copy." 42 U.S.C. § 17935.

121. Defendant violated the HITCH Act by charging a per page fee for medical records in electronic form, which was greater than Defendant's costs in responding to the request for the copy.

122. Plaintiff falls within the class of persons the HITECH Act seeks to protect as the Plaintiff sought electronic health records and the purpose of the Act is ensuring those seeking electronic health records are not overcharged.

123. Defendant acted knowingly, recklessly, and/or with indifference to the consequences in violating the Health Records Act, the HIPAA Privacy Rule, and/or the HITECH Act.

124. As a result of Defendant's breach of the duties enshrined in the Health Records Act, the HIPAA Privacy Rule, and/or the HITECH Act, Plaintiff and Class members have been injured and damaged and demands all damages entitled to her, including punitive damages.

## **PRAYER FOR RELIEF**

Plaintiff and Class members demand judgment against Defendant for the following relief:

1. Certification of the Class defined herein pursuant to Fed. R. Civ. P. 23(b)(2) for purpose of providing declaratory, injunctive and other equitable relief to Class members;

2. Certification of the Class defined herein pursuant to Fed. R. Civ. P. 23(b)(3) for the purpose of providing monetary compensation to Class members;

3. An award of compensatory and consequential damages in such an amount as a jury deems reasonable and may award at trial;

4. Interest;

5. An award of punitive damages;

6. Attorneys' fees and costs; and

7. Such injunctive and other equitable relief as may be deemed proper by the Court.

Respectfully submitted,

*/s/  Archie I. Grubb, II_____*
JERE L. BEASLEY*
W. DANIEL "Dee" MILES, III*
ARCHIE I. GRUBB, II (GA Bar No. 314384)
ANDREW E. BRASHIER*
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160 (36103)
Montgomery, Alabama 36104
Telephone: (334) 269-2343
jere.beasley@beasleyallen.com
dee.miles@beasleyallen.com
archie.grubb@beasleyallen.com
andrew.brashier@beasleyallen.com
***Pro hac vice* anticipated

MATT HARMAN
ERIC FREDRICKSON
**HARMAN LAW LLC**
3114 Peachtree Rd NE
Ste 1250
Atlanta, GA 30326
Telephone: (404) 554-0777

**ATTORNEYS FOR PLAINTIFF
AND PUTATIVE CLASS**

**JURY DEMAND**

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through this Court's electronic filing system on this 30th day of May, 2017, to counsel of record:

Mr. Steven J. Rosenwasser, Esq.
Mr. Christopher T. Giovinazzo, Esq.
Mr. Joshua F. Thorpe, Esq.
Mr. Chad K. Lennon, Esq.
**BONDURANT, MIXSON & ELMORE LLP**
3900 One Atlantic Center
1201 West Peachtree Street NW
Atlanta, GA 30309
rosenwasser@bmelaw.com
giovianazzo@bmelaw.com
thorpe@bmelaw.com
lennon@bmelaw.com
*Attorneys for Defendant*

*/s/ Archie I. Grubb, II*_____
*Attorney for Plaintiff and Putative Class*